IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BARRY CHRISTOPHER WALLACE**                                         **PLAINTIFF**

**v.**                                                   **CIVIL NO. 3:24-cv-46-HTW-LGI**

**HINDS COUNTY and TYREE JONES**                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

This case is before the Court sua sponte for consideration of dismissal. Having considered the record and the applicable law, the undersigned recommends that this civil action be dismissed, without prejudice, for Plaintiff's failure to prosecute and obey Orders of the Court.

### I. BACKGROUND

Pro se Plaintiff Barry Christopher Wallace ("Plaintiff"), was an inmate of the Hinds County Detention Center in Raymond, Mississippi, when he filed this civil action under 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis, see* Order [10], and his Complaint is subject to screening under the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915(h).

On the same day Plaintiff filed this civil action, the Clerk of Court sent Plaintiff a Notice of Assignment [1-1] informing Plaintiff of his obligation to notify the Court of any changes to his address and explaining in detail how to do so. The Notice [1-1] also warned Plaintiff that a failure to comply with any Order of the Court or a failure to notify the Court of a change of address may result in the dismissal of this case.

On February 14, 2025, the Court entered an Order Setting Omnibus Hearing [23]. The Order set this case for a hearing on June 18, 2025, provided instructions to the parties regarding submission of witness and exhibit lists at the hearing, and set deadlines for the parties. The Clerk mailed a copy of the Order to Plaintiff at the Hinds County Detention Center. The postal service returned the copy of the Order mailed to Plaintiff at his address of record as undeliverable. *See* Ret. Mail [24].

On May 8, 2025, the undersigned cancelled the Omnibus Hearing and entered an Order to Show Cause [28] addressing Plaintiff's failure to advise the Court of his current address. The Order [28] also noted that Plaintiff is no longer listed on the online inmate roster for the Hinds County Detention Center. Order to Show Cause [28] at 1. The Order to Show Cause then directed Plaintiff, on or before May 22, 2025, to file a response (1) showing cause why this case should not be dismissed for his failure to prosecute and comply with the Court's Orders; and (2) to comply with prior Orders by filing a Notice of Change of Address with the Clerk of Court. *Id.* at 1–2. The Order warned Plaintiff that his failure to timely comply or his failure to advise the Court of his current address will result in the dismissal of this case without further written notice. *Id.* at 2.

When Plaintiff failed to comply or otherwise contact the Court, the undersigned entered a Final Order to Show Cause [29]. The Final Show Cause Order required Plaintiff, on or before June 18, 2025, (1) to file a written response showing cause why this case should not be dismissed for his failure to prosecute and comply with the Court's Orders; and (2) to comply with prior Orders by filing a Notice of

Change of Address with the Clerk of Court. Final Order to Show Cause [29] at 1–2. The Final Show Cause Order [29] warned Plaintiff that his "failure to timely comply with this Order or his failure to keep this Court informed of his current address will result in the dismissal of this case without further notice to the Plaintiff." *Id.* at 2. To date, Plaintiff has not responded or otherwise contacted the Court about this case.

## II. DISCUSSION

The Court may dismiss an action for a plaintiff's failure to prosecute or comply with a court order under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

Plaintiff last took action here when he filed a Response [14] on July 24, 2024. Plaintiff has failed to comply with the Court's two Show Cause Orders and the Court's many Orders directing Plaintiff to notify the Court of any changes to his mailing address. The Court warned Plaintiff 11 times that his failure to comply with a court order or his failure to supply the Court with a current address could

3

result in the dismissal of this case.[1]

The Court has employed lesser sanctions than dismissal in the form of numerous warnings that Plaintiff's failure to comply with a court order would result in the dismissal of this case. *See Bohannan v. Redic,* No. 20-40860, 2023 WL 2346335, at *1 (5th Cir. Mar. 3, 2023) (finding district court's two explicit warnings to pro se prisoner that noncompliance may result in dismissal was adequate use of lesser sanctions for a failure to prosecute dismissal). The Court's repeated warnings did not "prompt diligent prosecution," instead such efforts "proved to be futile." *Vafaiyan v. Target*, 251 F. App'x 862, 863 (5th Cir. 2007) (citing *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). There is also nothing in the record to suggest that further warnings will be effective. It is apparent that Plaintiff no longer wishes to pursue this lawsuit. Dismissal without prejudice is warranted.

### III. RECOMMENDATION

For these reasons, the undersigned recommends that this civil action be dismissed, without prejudice, for Plaintiff's failure to prosecute and obey Orders of the Court.

### IV. NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. Failure to timely file written objections

---

[1] *See* Orders [29],[28],[23],[18],[15],[13],[11],[10],[7],[2], Not. of Assign. [1-1].

to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services*, L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

Respectfully submitted, this, the 9th day of July, 2025.

s/ *LaKeysha Greer Isaac*
UNITED STATES MAGISTRATE JUDGE